### DRAKE v. PECHIN.

(Supreme Court, Trial Term, Kings County. March, 1908.)

1. WILLS—PROBATE—COLLATERAL ATTACK.
     A tenant cannot collaterally attack the probate of a will devising the leased property, as Code Civ. Proc. § 2627, makes probate presumptive evidence of the validity of the will against parties duly cited and persons claiming under them, and under section 2615, directing that the heirs be cited, it will be presumed that the heirs who are endeavoring to interfere through the tenant have been cited, and that the decree is regular.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 904–909.]

2. SAME—PERSONS CITED.
     In probating a will devising real property, it is not necessary to cite the tenants of the property.

Action by Ida Applegate Drake against Charles Pechin. Judgment for plaintiff.

Willard N. Baylis, for plaintiff.
Roger Foster, for defendant.

KELLY, J. The plaintiff sues to recover rent of premises in this county. The defendant hired the premises from one Joseph Applegate by the month. It is conceded, or established by evidence, that Mr. Ap-

plegate died in the year 1907, and that he left a last will and testament in which he devised the premises to the plaintiff. The will was admitted to probate by the surrogate of Kings county as a will of real and personal property. The plaintiff demanded payment of the rent, but the defendant, although he paid the plaintiff one month's rent, refuses to pay any more, and alleges in his answer that the heirs at law of the deceased demanded the rent in opposition to the plaintiff. On the trial, the tenant offered testimony attacking the validity of the will, and to show want of testamentary capacity and undue influence. The evidence was excluded over defendant's exception, and, there being no other evidence, both parties move for the direction of a verdict, and I stated that, in deciding the motion, I would review the correctness of the rulings excluding the evidence offered by defendant. The defendant says that the probate of the will is not conclusive as to real property under section 2627 of the Code of Civil Procedure, that it establishes presumptively only the matters determined by the surrogate against parties duly cited. He urges that he was not cited, and he claims that in this action for rent he has the right to try the question of the validity of the will, and the other matters necessarily determined by the surrogate in the probate proceedings. If tenants are to be allowed to try the validity of wills and questions of testamentary capacity in actions to recover a month's rent, there is no reason why similar questions cannot be litigated in summary proceedings, with the result that a will devising various parcels of real estate, or an apartment house occupied by numerous tenants, may be attacked successively by each tenant in the various tribunals having jurisdiction over actions for rent and dispossess proceedings. One court or one jury may decide one way on questions of validity, testamentary capacity, or undue influence, and another court or jury may decide to the contrary, on some or all of these questions, and the transfer of titles and the ownership of real property will be involved in most hopeless confusion. I think no such doctrine can prevail.

The probate of the will is presumptive evidence that it was duly executed, and that it is valid as a will of real property as against the parties duly cited, and against persons claiming through or under such parties. Code Civ. Proc. § 2627. The decree is presumptively regular, and the heirs who are endeavoring to interfere through the tenant and whose rights he attempts to assert are presumed to have been cited. Code, § 2615. In the case at bar, the decree admitting the will to probate recites the jurisdictional facts, and it also appears from the decree that the heirs at law contested the will, and that all these questions sought to be litigated by the tenant were tried and adjudicated by the Surrogate's Court. It is not necessary to cite the tenants. The law provides ample means, by which the heirs can try all these questions and review the decree of the surrogate, both by appeal and by action in this court, to test the validity of the will in various ways. It never was intended that the will and the probate proceedings could be attacked collaterally by tenants. Black on Judgments, §§ 635–638. I think the heirs must assert their rights in the manner provided by law.

The plaintiff's motion is granted, and a verdict is directed for the plaintiff for the sum of $115.50, with interest.